1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | JOHN R. BUND II,

| CASE NO. C15-1773 MJP

11 |              Plaintiff,

| ORDER GRANTING MOTION TO
DISMISS CLASS ALLEGATIONS,

12 |     v.

| REMANDING CASE TO STATE
COURT

13 | SAFEGUARD PROPERTIES, LLC,

14 |              Defendant.

15

16       THIS MATTER comes before the Court on Defendant's Motion to Dismiss Class

17 Allegations. (Dkt. No. 8.) Having considered the Parties' briefing, the Parties' responses to the

18 Court's Order to Show Cause, and all related papers, the Court GRANTS Defendant's motion to

19 dismiss class allegations and REMANDS this action to Island County Superior Court for lack of

20 subject matter jurisdiction.

21                         **Background**

22       Plaintiff John R. Bund II, individually and as executor of the estate of Richard C. Bund,

23 deceased, brings this putative class action against Defendant Safeguard Properties, LLC,

24 asserting claims for intentional trespass, conversion, and violation of Washington's Consumer

1   Protection Act.  (Dkt. No. 1-1.)  Plaintiff seeks to recover for damages to real and personal

2   property done by Safeguard or its agents while conducting property preservation services.  (Id.)

3   Plaintiff alleges that Defendant and its agents, retained by mortgage lenders and their servicers to

4   conduct preservation services on homes in the foreclosure process, engage in a common course

5   of conduct whereby Defendant exceeds the scope of its permission to enter borrowers' homes, as

6   provided by their deeds of trust, and causes damage to real and personal property belonging to

7   the borrowers.  (Dkt. Nos. 1-1, 11.)  Plaintiff seeks to bring this action on behalf of a class of all

8   Washington citizens:

9              (a)  who own or owned real property in Washington State;
             (b)  which property, within the applicable statute of limitations, was
10     entered upon by Safeguard and/or its agents without the express contemporaneous
       consent of the property owner and/or without judicial authority; and
11                (i) which entry upon the property by Safeguard was done for the
       performance of some form of property preservation activity, including but not
12     limited to: inspection, occupancy determination, securing, repairing, changing
       locks upon the property, placing lock-boxes upon the property, winterizing the
13     property, replacing or boarding up windows, draining water from pipes,
       eliminating building or other code violations or dangerous conditions, having
14     utilities turned on or off, and/or posting notices upon the property regarding
       property preservation activities;
15                (ii) during which entry, real and/or personal property belonging to
       the property owner was damaged and/or removed by Safeguard; and
16                (iii) as a result of such entry, the property owner was denied the
       full use and enjoyment of their real and/or personal property.

17
     (Dkt. No. 1-1 at 2-3, 11 at 4.)
18
            Plaintiff's complaint was filed in Island County Superior Court, and Defendant timely
19
     removed the action to federal court based on the original jurisdiction vested in this Court by the
20
     Class Action Fairness Act of 2005 ("CAFA").  (Dkt. No. 1.)  Defendant now moves to dismiss
21
     Plaintiff's class allegations, arguing that this case cannot properly proceed as a class action
22
     because mini-trials will be needed for liability and damages as to each individual purported class
23
     member, and that Plaintiff's inability to meet the commonality, typicality, and superiority
24

ORDER GRANTING MOTION TO DISMISS
CLASS ALLEGATIONS, REMANDING CASE TO
STATE COURT- 2

1    elements necessary to certify a class is obvious from the face of the complaint.  (Dkt. No. 8.)

2    Plaintiff opposes the motion, arguing that it is premature and that Plaintiff should be allowed to

3    conduct discovery before a determination on class certification is made, and, alternatively, that

4    Plaintiff's proposed class satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3).  (Dkt. No.

5    11.)

6         Upon initial review of the Parties' briefing, the Court called for additional briefing on the

7    factual bases for the damages alleged and the amount in controversy, and on what effect, if any,

8    the striking of Plaintiff's class allegations would have on this Court's subject matter jurisdiction

9    over this matter.  (Dkt. No. 22.)  Both Parties submitted additional briefing in response to the

10   Court's order.  (Dkt. Nos. 23, 24, 25, 26.)

11                                      **Discussion**

12        I.        Legal Standard

13        "A class action may be maintained if two conditions are met – the suit must satisfy the

14   criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality and adequacy of

15   representation), and it must also fit into one of the three categories described in subdivision (b)."

16   Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 712 (9th Cir. 2010).  Certification in this

17   matter is sought under Fed. R. Civ. P. 23(b)(3), which necessitates a finding that common

18   questions of law or fact predominate and that maintaining the suit as a class action is superior to

19   other methods of adjudication.  Fed. R. Civ. P. 23(b)(3).

20        Fed. R. Civ. P. 23(c)(1)(A) provides that courts must determine whether to certify an

21   action as a class action "[a]t an early practicable time."  Defendants may preemptively move to

22   dismiss class allegations or to deny class certification provided that the plaintiff is not

23   procedurally prejudiced by the timing of the motion.  Kamm v. California City Dev. Co., 509

24

ORDER GRANTING MOTION TO DISMISS
CLASS ALLEGATIONS, REMANDING CASE TO
STATE COURT- 3

1   F.2d 205, 207, 210 (9th Cir. 1975); <u>Vinole v. Countrywide Home Loans, Inc.</u>, 571 F.3d 935, 944

2   (9th Cir. 2009).

3           II.     Class Allegations

4           Defendant argues that Plaintiff cannot make a prima facie showing that his proposed

5   class satisfies the class action requirements of commonality, typicality, and superiority.  (Dkt.

6   No. 8 at 8-20.)  Arguing that this failure is obvious from the face of the complaint, Defendant

7   requests that the Court strike Plaintiff's class allegations.  (<u>Id.</u>)

8           Plaintiff first argues that Defendant's motion—brought during the pleadings stage—is

9   premature, and that Plaintiff should be allowed to conduct discovery before a determination on

10  class certification is made.  (Dkt. No. 11 at 6-11.)  The Court disagrees.  Plaintiff correctly notes

11  that some courts, including this Court, have expressed skepticism about motions to strike class

12  allegations or deny class certification brought during the pleadings stage, before discovery has

13  been conducted, describing such motions as premature.  <u>See</u>, e.g., <u>Thornell v. Seattle Serv.</u>

14  <u>Bureau, Inc.</u>, 2015 WL 999915 at *6 (W.D. Wash. Mar. 6, 2015).  Nevertheless, where, as here,

15  a plaintiff "fail[s] to make even a prima facie showing of Rule 23's prerequisites . . . the burden

16  is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive

17  information substantiating the class action allegations."  <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564

18  F.2d 1304, 1313 (9th Cir. 1977).  Here, Plaintiff argues Defendant's motion is premature because

19  no discovery has been conducted, but does not indicate how or why he is prejudiced by the

20  timing of the motion or the lack of discovery.  (<u>See</u> Dkt. No. 11 at 6-11.)  Plaintiff does not, for

21  example, identify any discovery that would make it less likely that individualized hearings will

22  be required on each plaintiff's claim, even though this contention forms the crux of Defendant's

23  motion.  (<u>See</u> Dkt. No. 8 at 8-20.)  Absent a prima facie showing that the class action

24

1    requirements are satisfied or a showing that discovery is likely to produce substantiation of the

2    class allegations, district courts do not abuse their discretion by refusing to allow class discovery.

3    Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).

4           As discussed below, the Court finds that Plaintiff has failed to make a prima facie

5    showing that the class action requirements of commonality, typicality, and superiority are

6    satisfied, and has failed to show that discovery could cure these defects.

7                          A.      Defects in Commonality, Typicality, and Superiority

8           The Court finds that Plaintiff has failed to make a prima facie showing that the class

9    action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to result in the

10   ability to satisfy the requirements.

11          First, the Court finds that adjudication of each of the causes of action asserted by Plaintiff

12   will require fact-intensive individualized inquiries as to each class member, both in terms of

13   liability and of damages.  Adjudicating each class member's claim will require, for example,

14   determining at what stage in the foreclosure process that class member was when the allegedly

15   offensive entry was made, and what type of entry was authorized by each class member's deed

16   of trust.  It will require determining whether each entry in fact exceeded what was authorized by

17   the deed of trust.  It will require determining whether each entry and its resulting injury was

18   "wrongful" under RCW 4.24.630(1), which requires determining whether the person

19   "intentionally and unreasonably" committed the acts while "knowing or having reason to know"

20   that he or she lacked authorization.  It will require determining whether all or some of a class

21   member's chattel was interfered with "willfully."  It will also necessitate a fact-intensive mini-

22   trial as to each and every class member's damages, and will require a determination as to each

23   class member that Defendant's actions were the proximate causes of all of the claimed damages,

24

1    rather than some other proximate cause.  In short, the Court finds that classwide proceedings will

2    not generate common answers sufficient to resolve the numerous factual issues presented by the

3    claims asserted.  See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550-54 (2011).

4         Plaintiff argues it is Defendant's common practice to instruct its agents to forcibly enter

5    putative class members' homes before the foreclosure process is completed, and to unlawfully

6    remove personal property found within.  (Dkt. No. 11 at 11-24.)  Plaintiff argues that proof of the

7    existence of Defendant's policy or practice, as will be revealed through discovery, yields

8    common answers for all class members, thereby satisfying the commonality requirement.  (Id.)

9    The Court disagrees.  Even accepting Plaintiff's contentions as true, individualized liability

10   inquiries for each class member would still be required to determine whether those instructions

11   were actually given in that case and whether the agents in each case followed the instructions or

12   deviated from them.  As such, the Court finds that Plaintiff cannot satisfy the commonality

13   requirement.

14        Second, the Court finds that Plaintiff cannot demonstrate that his claims are typical of the

15   claims of the class.  Plaintiff is not a property owner whose real or personal property was

16   damaged by Defendant, and Plaintiff does not stand in the same position as homeowners in

17   making decisions about their properties; rather, he brings his claims as the representative of an

18   estate.  (See Dkt. No. 1-1.)  Furthermore, because Richard Bund is deceased, Washington's dead

19   man statute may apply to Plaintiff's case and may bar evidence related to the initial loan, default,

20   and collection.  See RCW 5.60.030.

21        Finally, for the reasons discussed above, the Court finds that a class action is not the

22   superior method for fairly and efficiently adjudicating this dispute.  "[I]f the main issues in a

23   case require the separate adjudication of each class member's individual claim or defense, a Rule

24

ORDER GRANTING MOTION TO DISMISS
CLASS ALLEGATIONS, REMANDING CASE TO
STATE COURT- 6

1   23(b)(3) action would be inappropriate.... Moreover, when individual rather than common issues

2   predominate, the economy and efficiency of class action treatment are lost and the need for

3   judicial supervision and the risk of confusion are magnified." Zinser v. Accufix Research Inst.,

4   Inc., 253 F.3d 1180, 1189 (9th Cir. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller

5   and Mary Kay Kane, Federal Practice and Procedure § 1778 at 535-39 (2d ed. 1986)).

6   Moreover, the availability of treble damages and attorney's fees under Washington's Consumer

7   Protection Act works to incentivize the bringing of individual suits by the homeowners

8   negatively affected by Defendant's alleged conduct.

9        In sum, the Court finds that the numerous individualized inquiries necessary for

10  adjudication of each putative class member's claim would reduce the trial on the merits to a

11  series of individualized mini-trials.  The Court finds Plaintiff cannot satisfy the commonality,

12  typicality, or superiority requirements, and consequently, that this case may not proceed as a

13  class action.  Defendant's Motion to Dismiss Plaintiff's Class Allegations is GRANTED.

14       III.    Subject Matter Jurisdiction

15       Having found that case is not—and never was—a class action, the Court now turns to the

16  issue of subject matter jurisdiction.  Courts are split on whether, having struck the class

17  allegations that formed the basis for the Court's jurisdiction on removal, the Court continues to

18  have subject matter jurisdiction over the case.  See, e.g., Salazar v. Avis Budget Grp., Inc., 2008

19  WL 5054108 at *5-6 (S.D. Cal. Nov. 20, 2008) (collecting cases).  The reasoning underlying

20  each position has been written about at length, and in the interest of judicial economy, the Court

21  does not repeat that discussion here.  This Court agrees with the Salazar court and line of cases

22  holding that if class certification is denied, the case must be remanded.  Because the denial of

23  class certification is also a determination that there is not, and never was, class action diversity

24

1   jurisdiction under CAFA, CAFA cannot provide the jurisdictional basis for this suit.  All of

2   Plaintiff's claims are state law claims, and the amount in controversy as to Plaintiff's individual

3   claims, estimated by Plaintiff to be less than $5,000, is far below the threshold for diversity

4   jurisdiction.  (See Dkt. Nos. 1-1, 26.)

5       The Court thus concludes it lacks subject matter jurisdiction over this matter.  Fed. R.

6   Civ. P. 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter

7   jurisdiction, the court must dismiss the action."  See also 28 U.S.C. § 1447 ("If at any time

8   before final judgment it appears that the district court lacks subject matter jurisdiction, the case

9   shall be remanded.").  Accordingly, having found that the Court lacks subject matter jurisdiction

10  under CAFA and that no other jurisdictional basis exists, the Court hereby REMANDS this

11  action to Island County Superior Court.

12                                    **Conclusion**

13      The Court GRANTS Defendant's Motion to Dismiss Class Allegations, and, having

14  determined that it no longer has subject matter jurisdiction over this case, REMANDS the matter

15  to Island County Superior Court.

16

17      The clerk is ordered to provide copies of this order to all counsel.

18

19      Dated this 2nd day of March, 2016.

20

21

22                                          Marsha J. Pechman
                                            United States District Judge
23

24

ORDER GRANTING MOTION TO DISMISS
CLASS ALLEGATIONS, REMANDING CASE TO
STATE COURT- 8